**Craig Brian COOPER, Plaintiff–Appellant,**

v.

**Synthia SELY, Licensed Vocational Nurse at Pleasant Valley State Prison, Defendant–Appellee.**

No. 14–15655.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed July 31, 2015.

Craig Brian Cooper, San Quentin, CA, pro se.

Misha Igra, Esquire, Supervising Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, Defendant–Appellee.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Craig Brian Cooper, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Cooper's deliberate indifference claim because Cooper failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent to his diabetes. *See id.* at 1057–58, 1060 (deliberate indifference is a high legal standard; mistakes, negligence, or malpractice by medical professionals are not sufficient to constitute deliberate indifference, nor is a difference of opinion with the physician regarding the appropriate course of treatment); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir.2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts. . . .").

The district court properly granted summary judgment on Cooper's state law medical malpractice claim because Cooper failed to raise a genuine dispute of material fact as to whether he was harmed by defendant's referral to the clinic for treatment of his diabetes. *See Hanson· v. Grode*, 76 Cal.App.4th 601, 90 Cal.Rptr.2d 396, 400 (1999) (setting forth elements of medical malpractice claim).

The district court did not abuse its discretion by denying Cooper's motions to appoint counsel because Cooper did not demonstrate exceptional circumstances.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir.2009) (setting forth standard of review and requirements for appointment of counsel).

We reject as without merit Cooper's contentions concerning the "willful blindness" doctrine; the district court's discovery decisions; and the district court's alleged failure to consider his objections to the magistrate judge's findings and recommendations.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

Cooper's request to take judicial notice, filed July 8, 2014, is granted. His motion for appointment of counsel, filed May 27, 2015, is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.